UNITED STATES COURT OF APPEALS         August 19, 2008

TENTH CIRCUIT

DOUGLAS TAYLOR DORAN,

     Plaintiff - Appellant,

v.

DANIEL A SANCHEZ; FIRST
JUDICIAL DISTRICT COURT;
COUNTY OF SANTA FE; STATE OF
NEW MEXICO,

     Defendants - Appellees.

No. 08-2042
(D.C. No. 07-CV-00916-MCA-RHS)
(D.N.M.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

     Plaintiff-Appellant Douglas Doran appeals the dismissal of his claims under

42 U.S.C. § 1983 against Judge Daniel Sanchez.  The district court denied

reconsideration, as well as attorney fees then sought by Judge Sanchez.  Mr.

Doran alleges that Judge Sanchez improperly dismissed a state court case

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

adjudicated before him. The district court dismissed the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) pursuant to the doctrine of absolute judicial immunity on the claim against Judge Sanchez and because the claims against the other defendants were unintelligible. Doc. 23, 26. We agree for substantially the same reasons given by the district court. Judge Sanchez was acting in his judicial capacity in presiding over the state court case, and those actions are entitled to absolute immunity even when "alleged to have been done maliciously or corruptly." See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quotations omitted). Any claims against other defendants were properly dismissed under Fed. R. Civ. P. 12(b)(6) as insufficiently developed.[1]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] The motion for reconsideration, which the court treated as a motion under Fed. R. Civ. P. 59(e), is not under review because Mr. Doran did not amend his notice of appeal after the district court's ruling on that motion. Fed. R. App. P. 4(a)(4)(B)(ii).